## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2408 | DATE | 10/7/2003 |
| CASE TITLE | NW Corp vs. Y L C Co Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held and continued to 10/23/03 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss the complaint [8-1] plaintiff's motion for sanctions are denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | OCT 08 2003 date docketed | |
| | Notified counsel by telephone. | | 22 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**OCT 0 8 2003**

| | |
|---|---|
| THE NORTHWESTERN CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 03 C 2408 |
| Y.L.C. COMPANY, INC., | )<br>) Judge John W. Darrah |
| Defendant. | )<br>) |

### MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6) by the Defendant, Y.L.C. Company, Inc. ("YLC"), against Plaintiff, The Northwestern Corporation ("Northwestern"). Northwestern also seeks Rule 11 Sanctions against YLC. For the foregoing reasons, the Motion to Dismiss and the Rule 11 motion are denied.

### LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or elements of a claim, with the exceptions found in Federal Rules of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be

dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

The facts, for the purposes of this motion, are taken as true from Northwestern's Complaint. Northwestern is an Illinois corporation that sells coin-operated bulk vending machines. In 1979, Northwestern designed and sold a vending machine known as the Model 80. The Model 80 has a unique shape; and Northwestern continuously advertised, used, and sold the machine for the last 23 years. Northwestern sold over 700,000 Model 80 machines in the United States and worldwide. Therefore, Northwestern's machine acquired a distinctive or secondary meaning in the marketplace.

On February 6, 2001, United States patent No. 6,182,859 ("the '859 patent"), entitled "Brush Housing for Bulk Vending Machine," was issued to one Richard K. Bolen. The '859 patent named Bolen as the sole inventor. Bolen subsequently assigned the '859 patent to Northwestern.

According to Northwestern, YLC advertises, offers for sale, and sells coin operating bulk vending machines which: (1) include the brush housing element protected by the '859 patent; and (2) incorporates the entirety of the distinctive trade dress in the shape and configuration of Northwestern's Model 80 vending machine. Therefore, YLC committed patent infringement in violation of Title 35 of the United States Code, as well as committing trade dress infringement in violation of 15 U.S.C. § 1125(a).

## ANALYSIS

YLC's motion to dismiss is denied because Northwestern's Complaint properly stated claims for patent and trademark infringement. Documents that a defendant attaches to a Rule 12(b)(6) motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). If matters outside the pleadings are presented by the defendant, a District Court may either exclude those documents and continue under Rule 12 or convert the Rule 12(b)(6) motion into a summary judgement motion and proceed under Rule 56. Fed R. Civ. P. 12(b); *Levenstein*, 164 F.3d at 347.

Here, YLC's Motion to Dismiss relies on affidavits from Fred Chiang and Rod S. Berman. YLC, though, did not follow Rule 56 or any of the Local Rules concerning summary judgment. Converting YLC's Motion to Dismiss into a Motion for Summary Judgment is improper at this time. Therefore, the Court will disregard YLC's Affidavits in reviewing this motion to dismiss.[1]

Northwestern alleges that a valid patent exists for the brush housing. In addition, Northwestern contends that the Model 80 has acquired a distinctive or secondary meaning in the marketplace. Finally, Northwestern alleges that YLC advertises, offers for sale, and sells coin operating bulk vending machines that infringe Northwestern's patent and trademark rights. YLC's only defense is that it does not currently make, sell, or otherwise use the allegedly

---

[1] In addition, the Court will not consider any material presented in Northwestern's Sur-Reply because Northwestern did not seek leave of this Court to file a Sur-Reply.

infringing product. However, all allegations in the Plaintiff's Complaint are considered true for the purposes of a Rule 12(b)(6) motion. Therefore, YLC's Motion to Dismiss is denied.

Northwestern also seeks Rule 11 Sanctions against YLC because "Defendant's Motion to Dismiss is frivolous and Plaintiff has given Defendant ample opportunity to withdraw the Motion." However, Northwestern failed to comply with Rule 11. "A motion for sanctions under [Rule 11] shall be made separately from other motions or requests . . . ." Fed. R. Civ. P. 11(c)(1)(A); *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999). Northwestern filed its Rule 11 claim within its Response to YLC's Motion to Dismiss. Therefore, Northwestern's claim for sanctions is denied.

## CONCLUSION

For the foregoing reasons, YLC's Motion to Dismiss is denied; and Northwestern's Motion for Sanctions is denied.

Dated: October 7, 2003

JOHN W. DARRAH
United States District Judge

4